**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NEXTGEN INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOKIA OF AMERICA CORPORATION, NOKIA CORPORATION, NOKIA NETWORKS, NOKIA SOLUTIONS AND NETWORKS OY, NOKIA USA INC., NOKIA NETWORKS INC., AND NOKIA SOLUTIONS AND NETWORKS US LLC,<br><br>Defendants. | Case No. 2:23-cv-00637<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS NOKIA OF AMERICA CORPORATION, NOKIA CORPORATION, AND NOKIA SOLUTIONS AND NETWORKS OY'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT AND NOKIA OF AMERICA CORPORATION'S THRID-PARTY COMPLAINT AGAINST ALEXANDER SOTO AND WALTER SOTO**

Defendants Nokia of America Corporation, Nokia Corporation, and Nokia Solutions and Networks OY (collectively "Nokia" or "Defendants"; Nokia of America Corporation individually "NoAC"; Nokia Corporation individually "Nokia Corp."; Nokia Solutions and Networks OY individually "NSN OY") provide their First Amended Answer and Defenses to the Complaint filed by Plaintiff NextGen Innovations, LLC ("NextGen") (Dkt. 1).

As an initial matter, Nokia denies that it has infringed any valid and enforceable intellectual property rights, including the asserted claims of United States Patent Nos. 10,644,802 ("the '802 Patent"); 11,431,432 ("the '432 Patent"); and/or 11,641,247 ("the '247 Patent") (collectively, "the Asserted Patents").

Nokia further denies that any patent claims in this action are valid or enforceable. Nokia further reserves the right to amend or supplement its Answer based on any additional facts or

developments that become available or that arise after the filing of this Answer.

Nokia denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## NATURE OF THE ACTION

1.     Nokia admits the Complaint purports to bring an action under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has infringed any valid and enforceable intellectual property rights, including the asserted claims of the Asserted Patents. Nokia further denies that NextGen is entitled to any relief.

## INTRODUCTION

2.     Nokia denies that it infringed any valid and enforceable intellectual property rights, including the asserted claims of the Asserted Patents. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies them.

## PARTIES

3.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.     Nokia admits that NoAC is a company organized under the laws of Delaware, with a place of business at 600 Mountain Avenue, Suite 700, Murray Hill, New Jersey 07974 and further admits that Nokia has operated facilities and has offices in the State of Texas. Nokia admits that Nokia acquired Alcatel-Lucent entities. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 4.

5.     Nokia admits that Nokia Corp. is a company organized under the laws of Finland,

with a place of business at Karakaari 7, FI-02610 Espoo, Finland. Nokia admits that Nokia acquired Alcatel-Lucent entities. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 5.

6.      Denied.

7.      Nokia admits that NSN OY is a company organized under the laws of Finland, with a place of business at Karakaari 7, FI-02610 Espoo, Finland.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Nokia admits that Nokia has operated facilities in Plano, Texas.

## JURISDICTION AND VENUE

12.      To the extent the allegations contained in paragraph 12 call for a legal conclusion, no response is required. To the extent a response is required, Nokia admits that the Complaint purports to bring an action for infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that NextGen is entitled to any relief. Nokia admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

13.      To the extent the allegations contained in paragraph 13 call for a legal conclusion, no response is required. To the extent a response is required, Nokia does not contest that it is subject to the Court's personal jurisdiction for the purposes of this particular action only. Nokia denies that it has committed acts that infringe any claim of the Asserted Patents. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 13.

14.      To the extent the allegations contained in paragraph 14 call for a legal conclusion, no response is required. To the extent a response is required, Nokia does not contest that it is subject to the Court's personal jurisdiction for the purposes of this particular action only. Nokia

denies that it has committed acts that infringe any asserted claims of the Asserted Patents. Nokia admits that NoAC has "places of business" in Lewisville, Texas and Plano, Texas. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 14.

## FACTUAL BACKGROUND

15. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Nokia admits that it acquired certain Alcatel-Lucent entities but denies that it acquired the company or business now known as Alcatel-Lucent Enterprise or ALE. Nokia

specifically denies that it (or Alcatel-Lucent) extensively discussed iPON's alleged technology and innovations or that iPON's technology was to be integrated in to any Alcatcel-Lucent product. Nokia specifically denies that it (or Alcatel-Lucent) agreed to partner in the development and sale of iPON's alleged technology. Except as specifically admitted herein, Nokia denies the remaining allegations of paragraph 24.

25.    Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.    Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.    Nokia lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,644,802

28.    Nokia repeats its responses to paragraphs 1 through 27 as if fully set forth herein.

29.    Nokia admits that information on the face of the '802 patent, attached to the Complaint as Exhibit A, states that it is titled "Communication System and Method for an Optical Local Area Network" and was issued on January 3, 2020. Nokia admits that the inventors named on the '802 patent are Alexander I. Soto and Walter G. Soto. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.    Nokia admits that the quoted language in paragraph 31 appears to be derived from the specification of the '802 patent. Nokia is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies them.

32.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies them.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 11,431,432

40.     Nokia repeats its responses to paragraphs 1 through 27 as if fully set forth herein.

41.     Nokia admits that information on the face of the '432 patent, attached to the Complaint as Exhibit C, states that it is titled "System And Method For Performing High-Speed Communications Over Fiber Optical Networks" and was issued on September 6, 2020. Nokia admits that the inventors named on the '432 patent are Alexander I. Soto and Walter G. Soto. Nokia admits that Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 and therefore denies them.

42.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 and therefore denies them.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 11,647,247

51.    Nokia repeats its responses to paragraphs 1 through 27 as if fully set forth herein.

52.    Nokia admits that information on the face of the '247 patent, attached to the Complaint as Exhibit E, states that it is titled "System And Method For Performing High-Speed Communications Over Fiber Optical Networks" and was issued on August 26, 2022. Nokia admits that the inventors named on the '247 patent are Alexander I. Soto and Walter G. Soto. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore denies them.

53.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.    Nokia admits that the '247 patent purports to be a continuation of the '432 patent. Nokia repeats its responses in paragraphs 40 through 43 as if fully set forth herein.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## PRAYER FOR RELIEF

To the extent that any response is required to any paragraph of NextGen's Prayer for Relief, Nokia denies that NextGen is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to Nokia. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

## DEMAND FOR JURY TRIAL

No response is required to this paragraph, which sets forth NextGen's demand for a trial by jury on all claims and issues so triable. Nokia respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## NOKIA'S AFFIRMATIVE DEFENSES

Subject to the responses above, Nokia alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing NextGen's burden of proof on its affirmative claims against Nokia, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Nokia specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

**A. '802 Patent**

1.     The claims of the '802 Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not

████████████████████████

limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the asserted claims will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

## B. **'432 Patent**

2.      The claims of the '432 Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the asserted claims will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

## C. **'247 Patent**

3.      The claims of the '247 Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the asserted claims will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

### SECOND AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

4.      NextGen is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products/instrumentalities or service alleged to infringe those patents, either literally or under the doctrine of equivalents.



### THIRD AFFIRMATIVE DEFENSE
### (Equitable Defenses)

5.      NextGen's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

6.      Any claim by NextGen for damages is limited by 35 U.S.C. § 286 and/or § 287, including upon information and belief, NextGen is barred by 35 U.S.C. § 287 from recovering damages in this case due to NextGen's, NextGen's licensees', or the Sotos's licensees' failure to mark. NextGen is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

7.

Upon information and belief, ▮▮▮▮ has failed to mark its products as required under 35 U.S.C. § 287. NextGen did not otherwise provide actual notice to Nokia under 35 U.S.C. § 287 prior to filing its Complaint. Accordingly, NextGen is barred by 35 U.S.C. § 287 from recovering damages in this case prior to the date the Complaint was served.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

8.      NextGen's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

9.      NextGen cannot prove that this is an exceptional case justifying an award of attorney's fees against Nokia pursuant to 35 U.S.C. § 285.

███████████████████████████

### SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Limitation)

10.     To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, NextGen's claims involving Nokia with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### EIGHTH AFFIRMATIVE DEFENSE
### (Acts of Others)

11.     NextGen's claims against Nokia are barred, in whole or in part, because Nokia is not liable for the acts of others over whom it has no control.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing/Ownership)

12.     NextGen concedes that is in not the owner of any Patent-in-Suit. To the extent that NextGen does not possess all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, NextGen lacks standing to bring one or more claims in this lawsuit.

### TENTH AFFIRMATIVE DEFENSE
### (License, Release, Covenant Not to Sue, and Patent Exhaustion)

13.     On information and belief, NextGen's claims are barred in whole or in part pursuant to a covenant not to sue and/or an express and/or implied license, and/or the doctrine of patent exhaustion. For instance, in the event that an agreement between iPON and Alcatel-Lucent exists, including any covenant not to sue and/or an express and/or implied license contained in any related agreements entered into at the time of iPON and Alcatel-Lucent's alleged collaboration.

14.     As described more fully in Nokia's Counterclaims against NextGen, ███████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████

15.     To the extent that Nokia is not a direct beneficiary of the license or release, NextGen's patent rights have been exhausted as to these products, also barring any further recovery.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Ensnarement)

16.     NextGen's claims against Nokia are barred, in whole or in part, by the doctrine of ensnarement based on statements and/or amendments made by the applicants during prosecution of the Asserted Patents.

## TWELFTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

17.     U.S. Patent Nos. 10,644,802, 11,431,432, and 11,641,247 are unenforceable due to inequitable conduct on the part of the patentee.

18.     The individuals associated with the prosecution and maintenance of the Asserted Patents include at least the named inventors of the '802, '432, and '247 Patents, Alexander Soto and Walter Soto.

19.     Alexander Soto is both a named inventor and the individual responsible for prosecuting the '802, '432, and '247 Patents.

20.     Walter Soto is both a named inventor and attended certain ITU Standards meetings that developed papers that are prior art to the '802, '432, and '247 Patents.

21.     On information and belief, the individual responsible for both filing Provisional Application No. 60/515,836 (the "'836 Provisional") and prosecuting the application that led to the '802 Patent was Alexander Soto.

22.     Upon information and belief, during the prosecution of the '802 Patent, the Soto Brothers did not disclose to the USPTO multiple material prior art references, namely, ITU-T Study Group 15, Contribution 104, Draft new Recommendation G.984.3 – Transmission Convergence Layer for Gigabit Passive Optical Networks ("Contribution 104"), ITU-T Study Group 15, Temporary Document 7, Draft New Recommendation G.984.3 – Transmission Convergence Layer for Gigabit Passive Optical Networks ("G.984.3 Draft Recommendation"), and G.984.3 March 2004 Published Standard ("G.984.3 Published Standard"). G.984.3 Contribution 104, Draft Recommendation, and Published Standard pre-dated and included the same disclosure present in the '802 Patent.

23.     On August 25, 2003, Walter Soto attended an ITU meeting regarding the development of the G.984.3 Standard. At that meeting, Contribution 104 was contributed.

24.     On October 17, 2003, Walter Soto attended an ITU meeting in Geneva, Switzerland regarding the development of the G.984.3 Standard. At that meeting, G.984.3 Draft Recommendation was submitted for discussion and approval.

25.     On October 30, 2003, applicants Walter Soto and Alexander Soto filed the '836 Provisional, a provisional to which the '802 Patent purports to claim priority. The '836 Provisional discloses "determining bandwidth allocation and packet destination" and "Media Access Control (MAC), Transmission Convergence Layer (TC-Layer) and Physical Layer (PHY-Layer) functionality."

26.     On July 6, 2006, the Soto Brothers submitted Application 10/886,514 (the "'514 Application"). In that submission, the Soto Brothers included Figure 2, Figure 3A, and Figure

3B, all of which describe the frame structures and slots for data transmission. The Soto Brothers also included claims directed toward "scheduling" slots and times.

27.     On January 3, 2020, the Soto Brothers submitted pending Claims 1-27 in Application No. 16/734,270. In particular, in Claims 4, 5, 6, 8, 9, 10, 11, 12, 14, 15, 16, 19, 20, 21, 22, and 23, the Soto Brothers included limitations related to dynamic scheduling of upstream and downstream transmission timeslots.

28.     In addition, the Soto Brothers included Figure 2, Figure 3A, and Figure 3B, all of which describe the frame structures and slots for data transmission.

29.     Upon information and belief, this information was expressly disclosed in Contribution 104, G.984.3 Draft Recommendation, and G.984.3 Published Standard at the ITU meetings in the months and days leading up to the October 30, 2003 provisional and well before the filing of the '514 Application.

30.     The '802 Patent ultimately issued on August 7, 2012.

31.     Upon information and belief, on or about June 21, 2022, the Soto Brothers paid the issue fee payment for U.S. Patent No. 11,431,432 (the "'432 Patent") and specified "small entity" status.

32.     Upon information and belief, at the time the Soto Brothers paid the June 21, 2022, issue fee under small entity status, the '432 Patent was licensed to Coherent, a large entity, under the Coherent License Agreement.

33.     Upon information and belief, on or about February 27, 2023, the Soto Brothers paid the issue fee payment for U.S. Patent No. 11,641,247 (the "'247 Patent") and specified "small entity" status.

34.     Upon information and belief, at the time the Soto Brothers paid the February 27, 2023, issue fee under small entity status, the '247 Patent was licensed to Coherent, a large entity, under the Coherent License Agreement.

35.     Upon information and belief, the Soto brothers paid the incorrect issue fee with knowledge and intent to deceive the PTO regarding its entitlement to small-entity status.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Reservation of Defenses)

36.     Nokia reserves all affirmative defenses under Rule 8(c)  of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to)  those related to the unenforceability of any claim of the Asserted Patents based on inequitable conduct or based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Nokia has the burden of proving the matter asserted.

█████████████████████████████████████

### NOKIA'S COUNTERCLAIMS AGAINST NEXTEGEN AND THIRD-PARTY COMPLAINT AGAINST ALEXANDER SOTO AND WALTER SOTO

Nokia of America Corporation ("Nokia"), by and through its undersigned counsel, seeks declarations and judgments against NextGen Innovations, LLC ("NextGen") and Alexander Soto and Walter Soto (collectively, the "Soto Brothers") as described herein.

### NATURE OF THE ACTION

1. The Soto Brothers are the inventors and assignees of a portfolio of patents ("Soto Portfolio"), each of which cover related technologies and products in the telecommunication field and which, more specifically, relate to fiber optic communications networks.

2. The Soto Brothers are the sole members and operators of NextGen. NextGen is the exclusive licensee of the Soto Portfolio.

3. The Soto Brothers, by and through NextGen, have filed numerous complaints in the Eastern District of Texas against Nokia, Nokia's customers, Nokia's suppliers, and Nokia's competitors for allegedly infringing certain patents within the Soto Portfolio.

4. Nokia asserts that the Soto Brothers, through NextGen, have, by initiating the instant litigation, breached the Confidential Settlement and Release Agreement[1] between NextGen and ████████████████████████████████ Nokia is an intended third-party beneficiary of that contract. Accordingly, Nokia counterclaims for breach of contract and brings an additional third-party complaint against the Soto Brothers for breach of contract.

---

[1] A copy of the Confidential Settlement and Release Agreement, produced by Plaintiff with the designation "Restricted - Attorneys' Eyes" is attached, as Filed Under Seal, as Sealed Exhibit A.

███████████████████████████████

5.      On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and/or (c) and 1400(b) because a substantial portion of the events or omissions giving rise to Nokia's claims occurred in this district.

## THE PARTIES

6.      NoAC is a company organized under the laws of Delaware, with a place of business at 600 Mountain Avenue, Suite 700, Murray Hill, New Jersey 07974.

7.      According to Plaintiff's Complaint, NextGen is a Nevada limited-liability company with its principal place of business at 5348 Vegas Drive, No. 396, Las Vegas, Nevada 89108.

8.      On information and belief, Alexander Soto is an individual residing at 7673 Hazard Center Dr., San Diego, CA 92108. Upon information and belief, Alexander Soto represents to the USPTO that he has an address at 5348 Vegas Dr. #396, Las Vegas, NV.

9.      On information and belief, Walter Soto is an individual residing at 2020 Costero Hermoso, San Clemente, Orange County, California.

10.     On information and belief, Alexander Soto and Walter Soto collectively comprise the sole principals, members, and operators of NextGen. Further on information and belief, the Soto brothers are the alter ego of the alleged corporate form of NextGen.

## JURISDICTION AND VENUE

11.     Subject to Nokia's defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over Nokia's Counterclaims and Third-Party Complaint under 28 U.S.C. § 1367.

12.     Subject to Nokia's defenses and denials, and any request to seek transfer of venue under 28 U.S.C. § 1404(a), personal jurisdiction and venue are proper in this District under 28

U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, NextGen has submitted to the venue of this Court by filing its Complaint here.

13.     On information and belief, the Soto Brothers are subject to personal jurisdiction in Texas under Tex. Civ. Prac. & Rem. Code §§ 17.041-42 because they transact or attempt to transact business in Texas as the sole principals, members, and operators of NextGen.

14.     Further, the Soto Brothers, through NextGen, have brought and litigated a number of actions involving patents in the Soto Portfolio in this district, submitting themselves to the Court's jurisdiction. These actions include: *NextGen Innovations, LLC v. II-VI, Inc., et al.*, Case No. 4:20-cv-00854 (E.D.T.X.); *NextGen Innovations, LLC v. Infinera Corporation*, Case No. 2:22-cv-00306 (E.D.T.X.); *NextGen Innovations, LLC v. Fujitsu Network Communications, Inc.*, *et al.*, Case No. 2:22-cv-00307 (E.D.T.X.); *NextGen Innovations, LLC v. AT&T Services, Inc., et al.*, Case No. 2:22-cv-00308 (E.D.T.X.); *NextGen Innovations, LLC v. Nokia of America Corporation, et al.*, Case No. 2:22-cv-00309 (E.D.T.X.); *NextGen Innovations, LLC v. AT&T Services, Inc. et al.*, Case No. 2:23-cv-00263 (E.D.T.X.); and *NextGen Innovations, LLC v. Cisco Systems, Inc.*, Case No. 2:24-cv-00092 (E.D.T.X.).

15.     On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and/or (c) and 1400(b) because a substantial portion of the events or omissions giving rise to Nokia's claims occurred in this district.

## **FACTUAL BACKGROUND**

16.     Nokia repeats and realleges the paragraphs above as if set forth fully herein.

17.     Upon information and belief, the Soto Brothers are the named Inventors and Assignees of U.S. Patent Nos. 8,238,754; 9,887,795; 10,263,723; and 10,771,181 (collectively, the "NextGen I Patents") and 10,644,802; 11,431,432; and 11,641,247 (collectively, the "NextGen II Patents"). Each of these patents falls within the Soto Portfolio.

████████████████████████████████████████████

18.     Upon information and belief, NextGen purports to be the exclusive licensee of both the NextGen I and NextGen II Patents, among other patents that list the Soto Brothers as named inventors, pursuant to an agreement date November 29, 2018.

19.     ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

20.     On or about August 9, 2022, the Soto Brothers, through NextGen, filed a Complaint against Nokia alleging that certain of their pluggable optical transceiver products infringe U.S. Patent Nos. 8,238,754, 9,887,795, 10,263,723, and 10,771,181, captioned *NextGen Innovations, LLC v. Nokia of America Corporation, et al*., 2:22-cv-309 (E.D. Tex.) ("NextGen I Litigation").

21.     On or about December 29, 2023, the Soto Brothers, through NextGen, filed a second Complaint against Nokia alleging that certain additional products infringe related family members of the asserted patents in the NextGen I Litigation, including U.S. Patent Nos. 10,644,802, 11,431,432, and 11,641,247, captioned *NextGen Innovations, LLC v. Nokia of America Corporation, et al.* 2:23-cv-637 (E.D. Tex) ("NextGen II Litigation").

**A.**     ████████████████████████████████

22.     ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



28. ██████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████

30.     On December 29, 2023, the Soto Brothers, through NextGen, filed the instant

litigation against Nokia, claiming that certain Nokia products and services infringe the Asserted

██████████████████████████████████████████████████████

Patents. NextGen's Complaint alleged that various Nokia products, ████████████████████

████████████████████████████

31.     NextGen's infringement contentions make clear that the Soto Brothers, through

NextGen, ████████████████████████████, such as pluggable products allegedly capable of

providing the allegedly infringing functionalities identified in Plaintiff's infringement

contentions, of infringing the claims of the Asserted Patents. For example, NextGen's

infringement contentions accuse "[a]ll versions and variations of Nokia networking pluggable

devices implementing the OIF CFP2-ACO standard, including but not limited to Nokia's CFP2-

ACO, CFP4-ACO, and CFP8-ACO devices. In addition, Nokia induces the infringement of the

Asserted Patents through its offer for sale and sale of products that require or encourage the use

of the Accused Instrumentalities, including all equipment in the Optical Lan Portfolio, LightSpan

Portfolio, line cards and pluggables that connect to the 1830 Photonic Service Switch Service

System or Nokia WaveLite Metro 200 System, and devices into which the CFP2-ACO, CFP4-

ACO, and CFP8-ACO plug into."

32.     In its Complaint, NextGen seeks a judgment that Nokia has infringed each and

every one of the Asserted Patents, damages, costs, expenses, pre-judgment interest, post-

judgment interest, a finding that this case is exceptional under § 285 with a resulting award of

attorneys' fees, costs and expenses, and any other relief the Court deems just and equitable.

33.     NextGen's Complaint and infringement contentions make no attempt to exclude

licensed products or services, ████████████████████████████, from the scope of

the accused products or any of the remedies sought by NextGen.

34.     In the NextGen I Litigation, Nokia sent correspondence to NextGen and the Soto

Brothers requesting that they confirm that "NextGen does not maintain an infringement claim

against ████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████ At that time, NextGen and the

Soto Brothers confirmed that they would withdraw any accusations against products ███████

████████████████████ With this new complaint, however, the Soto Brothers, through NextGen,

again ████████████████████████████████████.

35.   ████████████████████████████████████████

██████████████████████████

36.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

## FIRST COUNTERCLAIM
### (Breach of Contract to Which Nokia is a Third-Party Beneficiary as to NextGen)

37.   Nokia repeats and realleges the paragraphs above as if set forth fully herein.

38.   ████████████████████████████████████████

██████████████████████████████████████████████████

████████

39.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████

40.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

41.   ████████████████████████████████████████

██████████████████████████

42.   Any condition precedent to bringing this claim, to the extent such a condition

precedent exists, has been satisfied.

22

███████████████████████████████████████████

43.     Nokia has incurred and will continue to incur harm as the result of NextGen's breach of contract. ████████████████████████████████████████████ Nokia has expended substantial funds defending the instant litigation, including defense of the Nokia products and services that incorporate the ████████████████████. Nokia will also incur consequential damages, including loss of profits, loss of customers, loss of goodwill and product image, and uncertainty amongst customers and potential customers should this Court enjoin Nokia ████████████████████████ Though the total amount of such damages cannot currently be quantified with specificity, Nokia's total expectation and consequential damages exceeds $75,000.

## SECOND COUNTERCLAIM
### (Declaratory Judgment that Nokia is Authorized to Sell ██████████████ ████████████████████)

44.     Nokia repeats and realleges the paragraphs above as if set forth fully herein.

45.     An actual and justiciable controversy exists between Nokia and NextGen with respect to ██████████████████████████████████████ ████████████████████████. This is based on NextGen's initiation of the instant lawsuit, and inclusion of ████████████████ in NextGen's initial infringement contentions.

46.     Absent a declaration that ████████████████████████████ ████████████████████████████████████, Nokia will be forced to continue to engage in the expensive and needless defense of those products in this litigation or future litigation, thereby causing Nokia irreparable harm and injury.

47.     ████████████████████████████████████████ ██████████████████████████.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

48.     This is an exceptional case entitling Nokia to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, at least because NextGen's failure to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from its claims of infringement demonstrate that this is an exceptional case.

## FIRST THIRD-PARTY CLAIM
### (Breach of Contract to Which Nokia is a Third-Party Beneficiary as to the Soto Brothers)

49.     Nokia repeats and realleges the paragraphs above as if fully set forth herein.

50.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

51.     The Soto Brothers actions, through their alter ego NextGen, have ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ infringe the NextGen I and NextGen II Patents.

52.     Though NextGen is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the Soto Brothers should, on behalf of NextGen, ▮▮▮▮▮▮ NextGen is a shell company that operates as the Soto Brother's alter ego.

53.     As discussed above, the Soto Brothers are the sole owners, members, and operators of NextGen and all of NextGen's funding and revenue are provided by or provided to the Soto Brothers in their individual capacities. NextGen itself owns no assets apart from those owned by the Soto Brothers. NextGen's operations do not comport with that of a legitimate company, because, for example, NextGen does not keep its own books or records independent from those kept by the Soto Brothers in their individual capacities.

54.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████

55.     Any condition precedent to bringing this claim, to the extent such a condition precedent exists, has been satisfied.

56.     Nokia has incurred and will continue to incur harm as the result of the Soto Brothers' ███████████████. Nokia had ████████████████████████████ free of litigation costs. Nokia has expended substantial funds defending itself in both the NextGen I and NextGen II litigations, including defense of the Nokia ██████████████████████████

████████████████████ Nokia will also incur consequential damages, including loss of profits, loss of customers, loss of goodwill and product image, and uncertainty amongst customers and potential customers should this Court ████████████████████████

██████████████ Though the total amount of such damages cannot currently be quantified with specificity, Nokia's total expectation and consequential damages exceeds $75,000.

## DEMAND FOR A JURY TRIAL

57.     Pursuant to Federal Rule of Civil Procedure 38, Nokia respectfully requests a trial by jury of all issues properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Nokia requests that:

(a)     The Court enter judgment awarding Nokia all available damages for its breach of contract claim, including its attorneys' fees in defending the portions of both NextGen I and NextGen II that ████████████████████;

(b)     The Court declare that that Nokia, ████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████

███████████████████████████████████████████████████

(c)  The Court pierce the corporate veil and declare that NextGen is merely an alter ego of the Soto Brothers;

(d)  The Court enter judgment awarding Nokia all available damages for its breach of contract claim against the Soto Brothers, including its attorneys' fees in defending the portions of both NextGen I and NextGen II that ██████████████████ ██████

(e)  An award of pre-judgement interest and costs;

(f)  Plaintiff's Complaint be dismissed with prejudice;

(g)  The Court enter judgment that Plaintiff is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against Nokia;

(h)  The Court enter judgment that the claims of the Asserted Patents are invalid and/or unenforceable;

(i)  The Court enter judgment that Nokia does not infringe and has not infringed any valid claim of the Asserted Patents and that Plaintiff take nothing by its Complaint;

(j)  The Court declare this case to be exceptional, including as a result of the Soto Brothers' inequitable conduct and award Nokia its reasonable attorneys' fees and expenses incurred in defending this action; and

The Court grant such other and further relief as it deems to be just and proper.

DATED: June 14, 2024

Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC 37828)
Karlee N. Wroblewski (NC 55043)
Matthew M. Welch (NC 55032)
Mary I. Riolo (NC 59644)
Alston & Bird LLP
1120 S. Tryon St.
Suite 300
Charlotte, NC 28203-6818
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Scott.Stevens@alston.com
Email: Karlee.Wroblewski@alston.com


COUNSEL FOR DEFENDANTS NOKIA OF AMERICA
CORPORATION, NOKIA CORPORATION, AND NOKIA
SOLUTIONS AND NETWORKS OY

███████████████████████████

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a true and correct copy of the foregoing document was filed in accordance with Local Rule 5(a) and served on all counsel of record in accordance with Local Rule 5(a)(7).

Date: June 14, 2024

*/s/ M. Scott Stevens*
M. Scott Stevens

███████████████████████

███████████████████████████

█████████████████████████████

████████████

*/s/ M. Scott Stevens*
M. Scott Stevens